IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CARL WAYNE WILEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:24-CV-211-Z-BR |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Carl Wayne Wiley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF 3). For the reasons stated below, the Magistrate Judge recommends that the petition be DISMISSED for lack of jurisdiction.

**FACTUAL BACKGROUND**

A.    **Wiley's State Convictions.**

On October 9, 2017, Wiley was convicted of murder and aggravated assault with a deadly weapon in case numbers CR43897 and CR43898, in the 385th District Court of Midland County, Texas. (ECF 13-4 at 116, 193). In those cases, Wiley pleaded "no contest" pursuant to a plea agreement in which he agreed to concurrent 50- and 20-year terms of imprisonment. (*Id*. at 96-98, 174-76). Wiley did not appeal these state convictions. (*Id*. at 1). Wiley has, however, filed six state applications for habeas corpus relief from these convictions.

The Texas Court of Criminal Appeals ("TCCA") dismissed Wiley's first state habeas application as non-compliant with Rule 73.1 of the Texas Rules of Appellate Procedure on June 20, 2018. (ECF 13-3). The TCCA denied Wiley's second habeas application without written order on findings of the trial court without a hearing on September 19, 2018. (ECF 13-5). The TCCA

denied Wiley's third state habeas application without written order on findings of the trial court without a hearing on March 20, 2019. (ECF 13-10). The TCCA denied Wiley's fourth habeas application with written order on March 16, 2022. (ECF 13-12; *Ex parte Wiley*, No. WR-68,213-06, 2022 WL 791707 (Tex. Crim. App. Mar. 16, 2022)). The TCCA dismissed Wiley's fifth habeas application without written order as noncompliant with Rule 73.2 of the Texas Rules of Appellate Procedure on October 5, 2022. (ECF 13-21). The TCCA dismissed Wiley's sixth state habeas application challenging these convictions with written order on September 6, 2023. (ECF 13-26; *Ex parte Wiley*, Nos. WR-68,213-04 and WR-68,213-08, 2023 WL 5743231 (Tex. Crim. App. Sept. 6, 2023)).

**B.    Wiley's Federal Convictions.**

On August 30, 2016, prior to his state convictions, Wiley was convicted in federal court on four counts: (1) attempting to kill an officer of the United States, in violation of 18 U.S.C. § 1114 (Count One);  (2) assaulting, resisting, or impeding certain officers, in violation of 18 U.S.C. § 111 (Count Three); and (3) two counts of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924 (Counts Two and Four). (ECF 12-1 at 32-34; *U.S. v. Wiley*, No. 2:14-CR-922-I, 2016 WL 9244814 (W.D. Tex. Aug. 30, 2016)). Wiley was sentenced to concurrent 151-month terms of imprisonment on counts One and Three, followed by a 10-year term of imprisonment on Count Two to run consecutively to the sentence for Counts One and Three, and a 25-year term on Count Four to run consecutively to the sentence in Count Two, with credit for time served since June 30, 2014. (*Id.*). The Fifth Circuit affirmed these convictions and sentences on December 28, 2017. *See U.S. v. Wiley*, No. 16-51089, 707 F. App'x 802 (5th Cir. Dec. 28, 2017).

## C.    Wiley's Federal Detainer.

On October 19, 2017, shortly after Wiley's state court judgments of conviction were entered, the U.S. Marshal sent a detainer to the Texas Department of Criminal Justice ("TDCJ") Records and Classifications office, asking that the state provide notification prior to Wiley's release from TDCJ custody so that a U.S. Marshal may assume custody of Wiley for service of his federal sentence. (ECF 12-1 at 40-47). On October 20, 2017, the TDCJ sent a letter confirming the detainer. (*Id*.). Both the detainer and the confirmation letter were provided to Wiley. (*Id*.).

## D.    Previous Federal Habeas Proceedings.

Wiley previously sought federal habeas relief related to both his state and federal convictions and sentences. In February 2018, Wiley challenged his federal conviction and sentence in a Section 2255 motion filed in the U.S. District Court for the Western District of Texas, which that court denied and dismissed with prejudice on August 14, 2019. (ECF 12-1 at 35-37).

In 2019, Wiley filed a Section 2254 federal habeas petition challenging his state convictions, asserting claims of ineffective assistance of trial counsel, involuntary plea, and violation of due process. (*Id*. at 49-55). The petition was denied on July 20, 2020. (*Id*.; *Wiley v. Davis*, No. 7:19cv00158 (W.D. Tex. July 20, 2020)). Wiley filed another federal habeas petition in February 2021, this time in the Amarillo Division of the Northern District of Texas, challenging both his federal and state convictions. (ECF 12-1 at 57-58; *Wiley v. Director*, 2:21-CV-19 (N.D. Tex. 2021)). Although Wiley had filed his petition under Section 2241, because "any relief granted would necessarily release him from custody pursuant to his state court judgment," the petition was construed as one filed pursuant to Section 2254. (*Id.*). The case was transferred to the Midland/Odessa Division of the Western District, and on February 18, 2021, that court found that Wiley should have asserted his new claim in his prior federal petition, and that he could not then

do so without permission from the Fifth Circuit. (ECF 12-1 at 60-62; *Wiley v. Director*, 7:21-CV-21-DC (W.D Tex. 2021)). The court transferred the petition to the Fifth Circuit as a successive petition. (*Id.* at 62). On July 15, 2021, the Fifth Circuit denied Wiley authorization to file a successive petition. (ECF 12-1 at 64-66; *In re Wiley*, No. 21-50121 (5th Cir. July 15, 2021)).

In July 2022, Wiley filed an original proceeding in the Fifth Circuit seeking leave to file a successive Section 2255 petition, which the appellate court denied on August 4, 2022. (*Id.* at 68-69; *In re Wiley*, No. 22-50596 (5th Cir. Aug 4, 2022)). On August 22, 2023, the Fifth Circuit again denied what it liberally construed to be Wiley's request for authorization to file a successive Section 2255 motion challenging his federal convictions. (ECF 12-1 at 71-72; *U.S. v. Wiley*, No. 22-50557, 2023 WL 5378898 (5th Cir. Aug. 22, 2023)).

Wiley filed this Section 2241 petition on September 23, 2024. (ECF 3 at 9). In December 2024, Wiley filed an original proceeding in the Fifth Circuit seeking leave to file a successive Section 2255 petition. (*Id.* at 75; *In re Wiley*, No. 24-51021 (5th Cir. Dec. 26, 2024)). His application was denied on February 8, 2025. (*Id.*).

## LEGAL ANALYSIS

### A.    Nature of Habeas Corpus Action.

As an initial matter, the Court evaluates the substance of Wiley's claims to determine whether they are properly brought only under 28 U.S.C. § 2241. The Court concludes that they are not. Although Wiley filed his petition under Section 2241, granting his requested relief would necessarily release him from state court custody. Thus, his petition is best construed under 28 U.S.C. § 2254. *Harfield v. Osborne*, 808 F.3d 1066, 1072 (5th Cir. 2015). Section 2254 is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (concluding that Section 2254

"confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments" (citation omitted)). Wiley's petition appears to challenge his state conviction and custody, in that he seeks release from state custody so that he can be returned to serve his federal sentence. (ECF 3 at 21). As such, the provisions of Section 2254 apply to his petition.

**B.      Wiley's Allegations.**

Wiley claims that he should be released from state custody. As noted above, Wiley was serving his federal sentence when the state of Texas took custody of him due to his then-pending state charges. He was convicted of the state charges and remains in the custody of the TDCJ. Wiley contends that the state "wrongfully retained" him by failing to return him to federal authorities. (ECF 3 at 12). He further claims that his state sentence is improperly interfering with execution of his federal sentence. (*Id*. at 16). Consequently, he asks that the Court order the state to release him from state custody and return him to federal custody. (*Id*. at 21).[1]

**C.      Wiley's Petition is Successive.**

A district court cannot exercise jurisdiction over a second, or successive, Section 2254 petition without authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited

---

[1]Wiley also complains that the Bureau of Prisons ("BOP") did not calculate his federal sentence correctly. (ECF 3 at 18). Such claim, while properly brought under Section 2241, is not ripe for review. Until the U.S. attorney general, through the BOP, calculates Wiley's federal sentence and determines what credit should be given for time spent in state custody, a petition for writ of habeas corpus concerning this calculation does not present a case or controversy that is ripe for review. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Wiley's challenges to his federal sentence calculation are speculative and not ripe for review.

jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See id.* at 275-76. Wiley's petition is successive within the meaning of Section 2244(b) because it raises claims that were or could have been raised in his prior federal petitions. When a petition is successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A).

Because Wiley has not received authorization from the Fifth Circuit to file a successive habeas petition, the Court has no jurisdiction over this matter. Wiley's petition should be dismissed for lack of jurisdiction. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

## RECOMMENDATION

As explained above, Wiley's Section 2254 petition is successive, so the Court lacks jurisdiction to consider it. To the extent Wiley challenges the calculation of his federal sentence under Section 2241, his petition is not ripe for review and should be dismissed. Accordingly, IT IS RECOMMENDED that this petition be DISMISSED WITHOUT PREJUDICE to Wiley seeking leave to file his Section 2254 petition with the Fifth Circuit Court of Appeals.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 29, 2025.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).